

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                                       *412/644-3500*

February 17, 2023

Sarah Levin, Esquire
Office of the Federal Public Defender
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222

Re:    United States of America v.
       Thomas Hunt
       Criminal Nos. 21-471 and 23- 43

Dear Ms. Levin:

This letter sets forth the agreement by which your client, Thomas Hunt, will enter a plea of guilty at Criminal No. 23- 43 . The letter represents the full and complete agreement between Thomas Hunt and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Thomas Hunt will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.      The defendant, Thomas Hunt, agrees to the following:

            1.      The defendant will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 23- 43 , charging the defendant with violating 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL
USE

2. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2253(a)(3), including, but not limited to, the following: One (1) TCL REVVL 4 cellular telephone, model 5007Z, serial number BXYP99X4MJ79NJ4X.

3. The defendant acknowledges that the above-described property was used to facilitate the commission of the charged offense; is presently the subject of a criminal forfeiture action at Criminal No. 23-_43_; and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

4. The United States of America and the defendant hereby agree that all of the computers, computer media, cellular telephones, and computer peripherals, named in the Information, seized from the defendant, and/or currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant. The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest the defendant has in the above-stated property to the United States of America and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983.

5. At the time Thomas Hunt enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." Further, Thomas Hunt agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A and pursuant to 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), Thomas Hunt agrees to report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for the defendant's supervision, and further agrees to register as a convicted sex offender under the law of any state in which the defendant resides, is employed, carries on a vocation, or is a student.

7. Thomas Hunt waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

8. Thomas Hunt waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Thomas Hunt may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Thomas Hunt may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

9. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

   1. After imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the Indictment at Criminal No. 21-471, without prejudice to its reinstatement if, at any time, Thomas Hunt is permitted to withdraw the defendant's plea of guilty. In that event, Thomas Hunt waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

   2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Thomas Hunt in the offense charged in the Information

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case, at Count One of the Information at Criminal No. 23-__43__ , is a term of imprisonment of not less than ninety (90) months but not more than one hundred (100) months; a term of supervised release as determined by the Court, but not less than (5) years, a fine if any, in an amount to be determined by the Court; and special assessments as determined by the Court.

   Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

   The parties further agree that no other enhancements, departures, or variances are applicable or appropriate.

   Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

4. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges, and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

   Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

5. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Thomas Hunt is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Thomas Hunt waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

Page 6

6. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Thomas Hunt acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

7. This agreement does not preclude the government from pursuing any civil or administrative remedies against Thomas Hunt or Thomas Hunt's property.

8. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Thomas Hunt and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*/s/ Troy Rivetti*
TROY RIVETTI
Acting United States Attorney

*/s/ Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant United States Attorney

Page 7

I have received this letter from my attorney, Sarah Levin, Esquire, have read it and discussed it with my attorney, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
THOMAS HUNT

\_3-6-23_____
Date

Witnessed by:

_____
SARAH LEVIN, ESQUIRE
Counsel for Thomas Hunt